# In re Cecilia RIVERA-Claros, Respondent

### File A73 089 446 - Arlington

### *Decided February 26, 1996*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

The automatic stay of deportation associated with the filing of a motion to reopen an in absentia hearing pursuant to section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. 1252b(c)(3)(1994), continues during the pendency of an appeal from the denial of such a motion.

FOR RESPONDENT: Douglas Schoppert, Esquire, Falls Church, Virginia

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: David M. Dixon, Chief Appellate Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, ROSENBERG, and GUENDELSBERGER, Board Member.

SCHMIDT, Chairman:

On October 11, 1995, the respondent, after having received a bag and baggage notice to report for deportation on October 13, 1995, requested an emergency stay of deportation from this Board pending a decision on her timely appeal from an Immigration Judge's denial of a motion to reopen her deportation proceedings, which had been conducted in absentia. In an October 12, 1995, order, this Board granted the respondent's emergency stay request. In conjunction with that order, we noted our intent to address whether there is an automatic stay of deportation during the pendency of an appeal from the denial of a motion to reopen an in absentia hearing under section 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b (1994), and we requested that both parties submit briefs addressing this question. We now consider this question, vacate the October 12, 1995, order, and conclude that section 242B(c)(3) of the Act extends the automatic stay of deportation until the conclusion of the appeal process.

The respondent, in her brief, argues that there is an automatic stay of deportation during the pendency of an appeal from the denial of a motion to reopen an in absentia hearing under section 242B of the Act.

In its brief, the Immigration and Naturalization Service, through its Chief Appellate Counsel, states "that the filing of a motion pursuant to section 242B(c)(3) of the Act should stay deportation of the alien pending disposition of the motion, and the adjudication of a properly filed administrative appeal to the Board."

We agree with both parties that there is an automatic stay of deportation during the pendency of an appeal from the denial of a motion to reopen an in absentia hearing under section 242B of the Act.

Section 242B(c)(3) of the Act includes the following statement:

> The filing of the motion to reopen described in subparagraph (A) or (B) [of section 242B(c)(3)] shall stay the deportation of the alien pending disposition of the motion.

This statement indicates that the stay of deportation will continue through the disposition of the motion. It is not obvious whether the disposition of the motion would include the appeal process. However, while this statement does not squarely state that an alien's deportation continues to be stayed when the alien appeals the Immigration Judge's decision on that motion, it does make clear that an alien's deportation will be stayed while a motion to reopen filed pursuant to section 242B(c)(3) is pending before an Immigration Judge. *See Matter of Gonzalez-Lopez*, 20 I&N Dec 644, 645 (BIA 1993); *see also Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Thus, the statutory language reflects that motions to reopen filed pursuant to section 242B(c)(3) of the Act differ markedly from other motions to reopen, as the filing of motions to reopen pursuant to other sections of the Act does not automatically stay an alien's deportation. *See Bothyo v. Moyer*, 772 F.2d 353, 356 (7th Cir. 1985); 8 C.F.R. §§ 3.6(b), 3.8(a), 242.22 (1995); *see also Gallanosa v. United States*, 785 F.2d 116, 119-20 (4th Cir. 1986); *Matter of Okoh*, 20 I&N Dec. 864, 865 (BIA 1994).

We note that an in absentia order made under section 242B(c)(1) of the Act may only be rescinded by first filing a motion to reopen with the Immigration Judge pursuant to section 242B(c)(3) of the Act. *See Matter of Gonzalez-Lopez, supra.* Thus, unlike aliens in exclusion proceedings and aliens in deportation proceedings conducted pursuant to section 242(b) of the Act, 8 U.S.C. § 1252(b) (1994), who have had in absentia orders issued against them, aliens in deportation proceedings conducted pursuant to section 242B who have had in absentia orders issued against them may not file direct appeals of those orders with this Board. *Id.* Review by an Immigration Judge alone, however, would not enable independent review of an in absentia order, as the Immigration Judge would be the same person who issued the underlying in absentia order. Thus, without an automatic stay during the appeal process, many aliens, who might be deported before their appeals were

adjudicated, could be foreclosed from ever having independent review of their in absentia orders.

We do not believe that Congress would have intended such a limitation on review without expressly stating so. Rather, we conclude that, notwithstanding the enhanced standards for rescinding an in absentia order set out in section 242B of the Act, the guarantee of appellate review of an in absentia order remains, regardless of which statutory scheme controls. Thus, the language contained in section 242B(c)(3) of the Act, mandating a stay of deportation pending disposition of the motion, should be read to include the appeal process as part of the disposition of the motion.

Accordingly, the following order will be entered.

**ORDER:** The October 12, 1995, order of the Board is vacated, and the respondent is deemed to have an automatic stay of deportation during the pendency of her appeal pursuant to section 242B(c)(3) of the Act.