[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15352
Non-Argument Calendar

_____

BIA No. A96-169-819

EDDY EDDYTO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 28, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Eddy Eddyto petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his motion to reopen his removal proceedings following an in absentia removal order. For the reasons set forth more fully below, we deny the petition.

Eddyto, appearing pro se before the IJ, admitted the allegations in his notice to appear and requested a hearing on his asylum application. The IJ provided oral and written notice of the hearing and the consequences of failing to appear. However, Eddyto did not appear at the hearing, and was ordered removed in absentia. Eddyto filed a pro se notice of appeal to the BIA. While the appeal was pending, Eddyto retained counsel and sought to reopen his removal proceedings. Eddyto contended that he had retained prior representation through the Chinese Indonesian American Society ("CIAS"), an organization whose principals were subsequently indicted for immigration fraud. He claimed that CIAS advised him not to appear for his individual hearing and, based on this "incorrect" and "inappropriate" legal advice, he did not attend the hearing. The IJ denied Eddyto's motion to reopen and the BIA dismissed the appeal, concluding that Eddyto's decision to "follow the advice of the immigration consultant instead of the advice from the Immigration Judge, with full knowledge of the consequences of that decision, does not amount to exceptional circumstances to excuse his absence." Eddyto now argues that he was entitled to have his proceedings reopened based on

exceptional circumstances because he was justified in relying on advice from his legal representative that he not attend the hearing on his asylum application and failed to appear at this hearing through no fault of his own.[1]

In this case, we review the BIA's decision only, as the BIA did not expressly adopt the IJ's opinion. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the denial of a motion to reopen for an abuse of discretion. Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

An order of removal, entered in absentia, may be rescinded only

(I) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was

---

[1] Eddyto also raises two additional pertinent arguments. First, he argues that reopening was warranted due to lack of notice because, even though he received notice of the hearing, this notice was vitiated by the advice that he received not to go to court. He further argues that the BIA's and IJ's interpretation of 8 U.S.C. § 1229a(b)(5)(C), in a manner that results in a deprivation of his day in court through no fault of his own, would constitute a violation of due process. Our review of the record reveals that neither of these arguments was raised prior to Eddyto's petition for review. "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (requiring exhaustion of a due process claim).

3

because of exceptional circumstances (as defined in subsection (e)(1) of this section), or

(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. § 1229a(b)(5)(C), INA § 240(b)(5)(C); see also 8 C.F.R. § 1003.23(b)(4)(ii) (same). Exceptional circumstances are "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1), INA § 240(e)(1).

The BIA has recognized that ineffective assistance of counsel can be an exceptional circumstance warranting reopening of an in absentia order of removal. See In re Rivera-Claros, 21 I. & N. Dec. 599, 602 (BIA 1996) (en banc); In re Grijalva-Barrera, 21 I. & N. Dec. 472, 473-74 (BIA 1996). In Grijalva, the BIA found that the alien established exceptional circumstances where an employee of his former attorney called him on the morning of the scheduled hearing and informed him that there had been a continuance and that he should not appear. Grijalva, 21 I. & N. Dec at 473-74.

4

In Grijalva, the alien was entitled to rely on his attorney's representation that he did not need to appear because the hearing had been continued. This case is distinguishable, however, because here the IJ advised Eddyto of the need to appear at his hearing and the consequences of failing to do so, and Eddyto also received written notice. Eddyto provided no explanation as to why he was told not to appear for his hearing, just that he should not attend. Being advised not to attend by someone at CIAS contradicted the warnings given by the IJ. Nevertheless, Eddyto followed CIAS's advice and did not appear. Under these facts, we cannot say that the BIA's conclusion that Eddyto failed to establish exceptional circumstances to excuse his absence was an abuse of discretion.

In light of the foregoing, Eddyto's petition for review is

**DENIED.**