NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1597
_____

RENE LUCAS,
                    Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A209-346-238
(U.S. Immigration Judge: Honorable David Cheng)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 10, 2020

Before:  HARDIMAN, GREENBERG[*], and SCIRICA, *Circuit Judges.*

(Filed: February 12, 2021)

_____

OPINION[**]

_____

_____

[*] The Honorable Morton I. Greenberg participated in the decision in this case, but died before the opinion could be filed. This opinion is filed by a quorum of the court. 28 U.S.C. § 46 and Third Circuit IOP 12.1(b).

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Petitioner, Rene Lucas, appeals from the Board of Immigration Appeals's denial of his motion to reopen the proceedings. Lucas contends the BIA abused its discretion in rejecting his ineffective assistance of counsel claim. The BIA found that Lucas's claim was procedurally deficient because he failed to file a complaint against his former counsel or offer a sufficient explanation for failing to do so. We see no abuse of discretion.

Lucas also contends he was denied due process because the Immigration Judge did not sufficiently warn him about certain consequences of a voluntary departure order. We hold the Immigration Judge communicated all the information required under the law. Accordingly, we will deny the petition for review.

**I.**

Lucas avers that he has lived in the United States since his entry in 1999. A Mexican citizen, he entered the United States without being admitted or inspected by an Immigration Officer. Since his entry, Lucas has at least four criminal convictions in the United States.[1]

On June 6, 2017, the Department of Homeland Security issued Lucas a Notice to Appear in removal proceedings, charging him with being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i). DHS promptly filed the Notice to Appear with the Elizabeth

---

[1] In 2016, Lucas was convicted of refusal to consent to a breathalyzer test and driving without a license. In 2017, Lucas was convicted for driving without a license and pleaded guilty to disorderly conduct after being arrested and charged with domestic violence and simple assault.

2

Immigration Court. In response, Lucas submitted an application for cancellation of removal for non-permanent residents under 8 U.S.C. § 1229b. Lucas's former counsel subsequently advised him that his application would most likely not be approved, but that the court would likely grant Lucas an order of voluntary departure. Lucas voluntarily withdrew his cancellation of removal application, and the Immigration Judge ("IJ") issued an order of voluntary departure on April 16, 2019, giving Lucas a four-month period to voluntarily depart the country.

On July 12, 2019, Lucas filed a motion to reopen based on the alleged ineffective assistance of his former counsel in failing to inform him that a voluntary departure order would—under 8 U.S.C. § 1182(a)(9)(B)(i)(II)—subject him to a ten-year re-entry bar as an alien who has accrued more than one year of "unlawful presence." In support, Lucas filed an affidavit expressing his lack of knowledge about the ten-year re-entry bar. Present counsel filed an affidavit and sent a letter to former counsel requesting her response to Lucas's allegation. Significantly, present counsel informed former counsel that "there is no intention to file a complaint with any disciplinary committee." Former counsel acknowledged receipt, but the record reveals that she provided no further response. Lucas also alleged that former counsel engaged in ineffective assistance by failing to "update" the court with information regarding his son's October 2018 hospitalization. Additionally, Lucas alleged he was denied due process because the IJ did not sufficiently warn him about the ten-year re-entry bar.

On July 16, 2019, the IJ denied the motion to reopen citing failure to comply with the procedural requirements of an ineffective assistance of counsel ("IAC") claim. As the

3

government points out, the IJ noted that faulting former counsel for failing to present evidence of Lucas's son's hospitalization contradicts the proceedings because Lucas previously "submitted a psychological report from Dr. Stephen Reich" and the merits hearing post-dated the October hospitalization. Lucas appealed to the BIA.[2]

The BIA dismissed the appeal, agreeing with the IJ's opinion on both the procedural deficiencies and Lucas's failure to present evidence of his son's hospitalization. Additionally, the BIA explained, even if Lucas had met the procedural requirements, Lucas's former counsel did not provide ineffective assistance and Lucas's due process rights were not violated by the IJ's failure to inform him of the ten-year re-entry bar. This appeal followed.[3]

## II.

To successfully reopen a case based on an IAC claim, an applicant must meet certain procedural and substantive requirements. *Rranci v. Att'y Gen.*, 540 F.3d 165, 172 (3d Cir. 2008). The BIA did not abuse its discretion in finding that Lucas failed to substantially comply with the procedural requirements to establish an ineffective assistance of counsel claim.[4]

---

[2] On appeal, Lucas added an argument that his case should be remanded so that he could apply for administrative closure in light of *Romero v. Barr*, 937 F.3d 282 (4th Cir. 2019). The BIA found that, even if it had authority to grant administrative closure, Lucas did not make a prima facie showing that administrative closure was warranted in this case. We find no abuse of discretion.

[3] We have appellate jurisdiction under 8 U.S.C § 1252(a).

[4] We review the BIA's denial of a motion to reopen for abuse of discretion and will only reverse if its decision was "arbitrary, irrational, or contrary to law." *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002)).

4

## A.

The procedural requirements for a motion to reopen based on an IAC claim include, *inter alia*, (1) notification to former counsel—evidence that former counsel has been informed of the allegations and allowed to respond, together with any subsequent response or report of former counsel's failure or refusal to respond; and (2) evidence that a complaint against former counsel has been lodged with the appropriate disciplinary authorities, or an explanation for why a complaint has not been filed. *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

It would appear that Lucas complied with notifying former counsel, but it is clear that he never filed a complaint against his former counsel with the relevant jurisdiction's disciplinary authorities. Accordingly, Lucas could only have met the complaint requirement by providing a reasonable explanation for why a complaint had not been filed. *See Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001) (the complaint requirement is met when a petitioner provides a reasonable explanation for his failure to file a disciplinary complaint). An explanation is not reasonable when it fails to serve the purposes of the complaint requirement, which include promoting confidence in the validity of IAC claims and avoiding meritless claims. *See In re Rivera–Claros*, 21 I. & N. Dec. 599, 605-07 (BIA 1996) (finding an explanation inadequate where it did not serve the purposes of the complaint requirement).

Lucas offers several explanations for his failure to file a complaint against his former counsel, none of which serve the purposes of the complaint requirement. First, he contends that filing a complaint would serve no purpose because the disciplinary

authorities are not competent to deal with his IAC claim given the specialization required for immigration cases and the high volume of similar complaints.[5] Instead of serving the purposes of the complaint requirement, Lucas's explanation subverts them. The complaint requirement presumes that filing a complaint with the disciplinary authorities is a worthwhile endeavor evidencing the validity of an IAC claim. Accordingly, Lucas's explanation is insufficient.

Lucas also contends no complaint was necessary because former counsel was provided detailed notice of the allegations. This explanation responds to the separate and distinct notification requirement, which requires evidence that former counsel has been informed of the allegation and allowed to respond. Fulfilling the notification requirement cannot in and of itself fulfill the complaint requirement.[6]

Finally, Lucas suggests that the complaint requirement is excused because former counsel did not respond to Lucas's notification of the allegations. This explanation fails to provide any indication of the claim's validity and does not serve the purposes of the complaint requirement. Moreover, it is undermined by Lucas' statement, in the notification to former counsel, that he had "no intention to file a complaint with any disciplinary committee." We find the BIA did not abuse its discretion in determining Lucas failed to meet the complaint requirement, and, accordingly, failed to meet the

_____

[5] On appeal to the BIA, Lucas claimed for the first time that the filing of a bar complaint would "serve[] no purpose in such an arcane subject as Immigration, especially where issues of due process are concerned."

[6] In addition, this explanation may be disregarded because it was not presented before the BIA, where Lucas only argued that filing a complaint would "serve no purpose." A petitioner may only obtain judicial review "if he or she raises all issues before the BIA." *Lin v. Att'y Gen.*, 543 F.3d 114, 121 (3d Cir. 2008).

procedural requirements for a motion to reopen based on an IAC claim. For this reason alone, Lucas cannot prevail on his motion to reopen.

**B.**

Assuming Lucas could meet the procedural requirements, he cannot establish that his former counsel engaged in ineffective assistance. Lucas claims his former counsel erred in failing to advise him that a voluntary departure order would result in a ten-year re-entry bar from entering the United States. Moreover, Lucas contends the BIA abused its discretion in finding that he did not establish his former counsel engaged in ineffective assistance.

We analyze Lucas's substantive IAC claims under "a two-part test to assess error and prejudice, asking '(1) whether competent counsel would have acted otherwise, and, if yes, (2) whether the alien was prejudiced.'" *Rranci*, 540 F.3d at 175 (quoting *Fadiga v. Att'y Gen.*, 488 F.3d 142, 157 (3d Cir. 2007)). An alien is prejudiced when there is a reasonable likelihood the result would have been different if counsel's errors had not occurred. *Fadiga*, 488 F.3d. at 159. We find the BIA did not abuse its discretion because Lucas was not prejudiced by former counsel's advice.

By accepting counsel's advice to seek an order of voluntary departure, Lucas remained subject to a ten-year re-entry bar attached to "unlawful presence" because he is an alien who has accrued more than one year of "unlawful presence." 8 U.S.C. § 1182(a)(9)(B)(i)(II). Lucas argues that competent counsel would have advised him of this ten-year re-entry bar. But even if competent counsel would have advised him of the ten-year re-entry bar, Lucas was not prejudiced because it is not reasonably likely that the

7

result would have been different.

Here, the BIA reasonably concluded that, even if Lucas had "substantially complied with the procedural requirements" for this claim, "he did not establish that his prior counsel actually engaged in ineffective assistance rather than making a tactical decision by withdrawing the respondent's cancellation of removal application and instead seeking voluntary departure." Lucas fails to recognize the relative weakness of his claim for cancellation of removal. To succeed, Lucas would have had to demonstrate, *inter alia*, his "removal would result in exceptional and extremely unusual hardship" to a member of his family who is also a U.S. citizen or lawful permanent resident. 8 U.S.C § 1229b(b)(1)(D).

The "exceptional and extremely unusual hardship" requirement presents a major hurdle. Though Lucas has a child who is a U.S. citizen with a learning disability and documented emotional problems that have led to hospitalization, that alone would likely be insufficient to meet the high "exceptional and extremely unusual hardship" burden. 8 U.S.C § 1229b(b)(1); *see In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 469-70 (BIA 2002) (finding a mother and sole provider for six children was barely within "the narrow spectrum of cases" in which this requirement is met). Here, Lucas is not the sole provider for his children and has already lived separately from his children, who live with their mother full time. Furthermore, the BIA and the IJ considered evidence Lucas had submitted regarding his son's hospitalization.[7]

---

[7] Lucas also appears to claim that his prior counsel acted ineffectively by failing to both obtain through questioning and make use of information about Lucas's son's October 2018 hospitalization. But former counsel never received this information from Lucas

8

Failure to meet the "exceptional and extremely unusual hardship" would have necessarily led to Lucas's application for cancellation of removal being rejected. Had that occurred, he would have faced forced removal or voluntary departure—in either case, he would have been subject to a ten-year admissibility bar. Accordingly, we cannot say that it is reasonably likely that Lucas would have avoided a ten-year admissibility bar had former counsel not made the alleged error.

For the foregoing reasons, we find no abuse of discretion in the BIA's conclusion that Lucas did not establish former counsel engaged in ineffective assistance. But, as noted, our judgment rests on Lucas's failure to comply with the procedural requirements for an IAC claim.

### III.

Lucas contends the IJ violated his right to due process by not informing him that withdrawal of the application in exchange for a voluntary departure order would still leave him subject to a ten-year admissibility bar.[8] We disagree.

---

because Lucas did not deem it relevant. Furthermore, additional information regarding Lucas's son's mental health does not change our prejudice analysis. As the government points out, the IJ noted that faulting prior counsel for failing to present evidence of the hospitalization contradicts the proceedings because Lucas previously "submitted a psychological report from Dr. Stephen Reich" regarding Lucas's son's mental health issues. *See also* App. at 5 (BIA noting that "[Lucas's] lack of knowledge about the relevance of [the hospitalization evidence] of his son's mental health [was] insufficient to render this evidence previously unavailable, especially since [Lucas] submitted [other] evidence regarding his son's hardship before his merits hearing.").

[8] Due process requires that aliens threatened with removal are provided a full and fair hearing with a reasonable opportunity to be heard and to present evidence on their behalf. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003).

An IJ is required to advise the subject of removal proceedings about certain specified matters, *see, e.g.*, 8 C.F.R. § 1240.10(a), but is not required to explain that a voluntary departure order may lead to a ten-year re-entry bar based on "unlawful presence." The voluntary departure statute states that "[t]he order permitting an alien to depart voluntarily shall inform the alien of the penalties" for failing to depart as required. 8 U.S.C. § 1229c(d)(3). The appropriate penalties were laid out in the IJ's order granting voluntary departure. Accordingly, we find no violation of Lucas's due process rights.

**IV.**

For the foregoing reasons, we deny the petition for review.