**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LUDIN ROSARIO MONTUFAR-
CABALLERO; V.A.M.M.,

      Petitioners,

v.

MERRICK B. GARLAND,
United States Attorney General,

      Respondent.

No. 24-9542
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.
_____

Petitioners Ludin Rosario Montufar-Caballero and her minor daughter seek review of a decision by the Board of Immigration Appeals (BIA) denying their motion to reopen. Exercising jurisdiction pursuant to 8 U.S.C. § 1252, we grant the petition for review, vacate the BIA's order and remand to the BIA for further proceedings.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

Petitioners are natives and citizens of Honduras who entered the United States illegally.  The Department of Homeland Security commenced removal proceedings against them, and an immigration judge (IJ) sustained the charge of removability.  They then applied for asylum, humanitarian asylum, withholding of removal, and relief under the Convention Against Torture.  The IJ denied all forms of relief.

Petitioners did not timely appeal the IJ's decision to the BIA because their attorney failed to file the notice of appeal on time.  Petitioners' attorney then filed an appeal out of time, asking the BIA to accept it, but the BIA dismissed it.

Petitioners, represented by new counsel, filed a motion to reopen, arguing they received ineffective assistance of counsel when their former attorney failed to timely file their notice of appeal.  The BIA denied the motion to reopen, concluding Petitioners had not complied with the procedural requirements for reopening based on ineffective assistance of counsel set out in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

Specifically, the BIA concluded Petitioners had not complied with *Lozada*'s requirement to provide evidence they had filed a complaint about their former attorney with the appropriate disciplinary authorities.  Attached to her motion to reopen, the lead Petitioner submitted an affidavit in which she explained her former attorney failed to timely file an appeal with the BIA and she stated she had filed a complaint against the attorney with the Utah Office of Professional Conduct.  Her former attorney also submitted a statement in which she acknowledged she was

2

provided a copy of the lead Petitioner's affidavit and complaint. And the motion to reopen included a certified mail receipt for mail to the Utah Office of Professional Conduct. But the BIA determined Petitioners had failed to comply with *Lozada* because neither the lead Petitioner nor her former attorney provided a copy of the disciplinary complaint. The BIA did not address *Lozada*'s other requirements.

Petitioners filed a petition for review of the BIA's decision denying their motion to reopen.

## II.  Discussion

We review the denial of a motion to reopen for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.*

We have described the *Lozada* requirements as follows:

> Under *Matter of Lozada*, a motion based on a claim of ineffective assistance of counsel must be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with former counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that former counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and if not, why not.

*Mickeviciute v. I.N.S.*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003) (citing *Lozada*, 19 I. & N. Dec. at 639).

3

The BIA, citing *Mickeviciute* and *Lopez v. Whitaker*, 761 F. App'x 790, 793-94 (10th Cir. 2019), concluded Petitioners' failure to provide a copy of the disciplinary complaint meant they had not complied with the *Lozada* requirements. Petitioners argue the BIA departed from established policy by creating a new requirement that does not appear in *Lozada* or in our cases that a petitioner must provide a copy of the disciplinary complaint. They assert "*Lozada* requires only that the motion *reflect* that the complaint was filed, and the Tenth Circuit requires only that evidence that a complaint was *filed* be presented." Pet'rs Opening Br. at 12. Petitioners contend no precedent or interpretation of *Lozada* requires the disciplinary complaint be filed with the motion to reopen.

The government responds that Petitioners' argument involves a "tortured reading of this *Lozada* requirement." Gov't Br. at 14. But we cannot agree with the government because, as Petitioners discuss in their reply brief, the government has not provided any legal authority that establishes *Lozada* requires that a copy of the disciplinary complaint be provided with the motion to reopen.

In *Lozada*, the BIA stated, "the motion should *reflect* whether *a complaint has been filed* with appropriate disciplinary authorities . . . and if not, why not." 19 I. & N. Dec. at 639 (emphasis added). The plain language of *Lozada* does not require any evidence be submitted to support the third requirement, but instead simply requires the motion to reflect that a disciplinary complaint has been filed. In both cases the BIA cited from our court, we restated the language of this requirement to require "*evidence* the aggrieved party *filed a complaint* with

4

appropriate disciplinary authorities and if not, why not." *Mickeviciute*, 327 F.3d at 1161 n.2; *Lopez*, 761 F. App'x at 793. But in neither of these cases did the BIA or our court conclude the aggrieved party failed to comply with *Lozada* by not providing a copy of the disciplinary complaint.

In *Mickeviciute*, 327 F.3d at 1161, the BIA found the noncitizen there met the *Lozada* requirements without giving any details about how she met the third requirement. In *Lopez*, 761 F. App'x at 793, the BIA found the noncitizen did not meet the third requirement because she admitted she did not file a complaint with any disciplinary authorities. We agree with Petitioners that nothing in the authority the BIA cited—*Lozada*, *Mickeviciute*, or *Lopez*—establishes that a petitioner must file a copy of the disciplinary complaint to comply with the third requirement.

The government attempts to justify the BIA's decision by relying on reasoning the BIA did not articulate and cases the BIA did not cite. Specifically, the government engages in a discussion of the BIA's decision in *Matter of Rivera-Claros*, 21 I. & N. Dec. 599, 604-05 (B.I.A. 1996), although the BIA did not cite that decision in the order that is on review here. The government appears to suggest *Rivera-Claros* stands for the proposition that a movant is required to submit a copy of the disciplinary complaint to comply with *Lozada*. *See* Gov't Br. at 14-15. The government then analyzes the supposed rationales for requiring such evidence given the circumstances in this case. *See id.* at 15-17. For example, the government focuses on the fact that Petitioners have been represented by different attorneys from the same firm. The government suggests that "this situation illustrates the potential

5

for collusion," although it also recognizes "the Board did not find collusion occurred." *Id.* at 16.  Not only did the BIA not make a finding that collusion had occurred, the BIA also never mentioned the fact that Petitioners were represented by attorneys at the same firm, nor did it ever mention the potential for collusion.

In any event, the BIA did not cite *Rivera-Claros* or engage in the analysis the government relies on in its brief to support its argument for upholding the BIA's decision.  We will not substitute reasoning the BIA itself did not rely on to uphold its denial of the motion to reopen because "[i]t is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Ctr. for Biological Diversity v. U.S. Dep't of the Interior*, 72 F.4th 1166, 1178 (10th Cir. 2023) (internal quotation marks omitted).  And we "may not accept appellate counsel's *post hoc* rationalizations for agency action." *Id.* (internal quotation marks omitted).

Even if we disregard the new reasoning the government supplies but consider the *Rivera-Claros* decision, it does not change the result here.  *Rivera-Claros* did not emphasize the importance of providing evidence in the form of the disciplinary complaint as the government appears to suggest.  Rather, that decision emphasized the importance of having filed a complaint because the petitioner there stated she did not intend to do so.  We agree with Petitioners that *Rivera-Claros* does not mention a requirement that the disciplinary complaint be provided to satisfy the third *Lozada* requirement.  We also note that in *Rivera-Claros*, the BIA used the original *Lozada* language that the motion to reopen should "reflect whether a complaint has been filed

with appropriate disciplinary authorities . . . and if not, why not." *Rivera-Claros*, 21 I. & N. Dec. at 603. *Rivera-Claros* does not support the government's position that Petitioners were required to submit a copy of the complaint to comply with the third *Lozada* requirement.

The government cites other cases to support its argument the BIA did not abuse its discretion in denying the motion to reopen, but none of these additional authorities establish that a copy of the disciplinary complaint must be provided to comply with the third *Lozada* requirement. In *Amaya Jimenez v. Barr*, 802 F. App'x 400, 407-08 (10th Cir. 2020), the BIA denied the motion to reopen on several grounds, including that the petitioners had not complied with the *Lozada* requirements because they had failed to file a disciplinary complaint before they filed the motion to reopen and then did not include a copy of the complaint they purportedly later filed in an update to the motion to reopen. The petitioners' primary argument there was that *Lozada* did not require a party alleging ineffective assistance of counsel to file a copy of the disciplinary complaint with the BIA. But we did not reach that argument. Instead, we explained we "need not decide what exactly *Lozada* requires under these circumstances." *Id.* at 408. Because "[e]ven if we assume[d] compliance with *Lozada*," the petitioners had not shown their former counsel prejudiced them, which was one of the other grounds the BIA relied on in denying the motion to reopen. *Id.*

Another case the government cites, *Leon-Nicolas v. Garland*, No. 20-9628, 2021 WL 4891634, at *2 (10th Cir. Oct. 20, 2021) (unpublished), also involved an

7

aggrieved party who chose not to file a disciplinary complaint, like the aggrieved party in *Rivera-Claros*. The question was whether the BIA abused its discretion in denying the motion to reopen based on the aggrieved party's failure to comply with the third *Lozada* requirement. But we upheld the BIA's decision because "[t]he agency provided explicit, rational reasons for finding that [petitioner] did not provide an adequate explanation for failing to file a [disciplinary] complaint." *Id.* at *3. We also noted the BIA's explanation was consistent with the agency's prior statements on that topic, citing *Rivera-Claros*. Neither *Leon-Nicolas* nor *Amaya Jimenez* support the government's position that to comply with the third *Lozada* requirement, a petitioner must submit a copy of the disciplinary complaint.

Petitioners' motion to reopen reflects that a disciplinary complaint was filed against their former attorney. *See* R. vol. 1 at 74 ("[Petitioners] have filed a bar complaint against Ms. Pitt White for ineffective assistance of counsel."). Petitioners also attached to the motion to reopen: (1) the lead Petitioner's affidavit wherein she stated she had filed a complaint with the Utah Office of Professional Conduct, *see id.* at 113-14, (2) the former attorney's declaration wherein she stated she was provided a copy of the complaint, *id.* at 117, and (3) a copy of a certified mail receipt to the Utah Office of Professional Conduct, *id.* at 119. The BIA discounted this evidence as insufficient and concluded Petitioners failed to comply with *Lozada* by not providing a copy of the complaint, but this decision departed from its previously established policy.

We conclude the BIA abused its discretion by inexplicably departing from the established policy in *Lozada* and imposing an additional requirement for a motion to reopen based on ineffective assistance of counsel that does not appear within the *Lozada* decision or any case interpreting *Lozada*. Although the BIA has consistently required the filing of a bar complaint to comply with the third *Lozada* requirement, it has not established what evidence, if any, must be provided to satisfy this requirement—the *Lozada* decision itself simply states that the motion to reopen "should reflect whether a complaint has been filed," 19 I. & N. Dec. at 639.

III. Conclusion

Accordingly, we grant the petition for review, vacate the BIA's order, and remand for further proceedings consistent with this decision.[1]

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

---

[1] Petitioners also argue we should find that the requirements in *Lozada* are unnecessarily burdensome, but we do not reach that argument for two related reasons. First, Petitioners did not exhaust it with the BIA as required by 8 U.S.C. § 1252(d)(1), and even though the government did not raise exhaustion as a defense, we have discretion to consider it. *See Miguel-Pena v. Garland*, 94 F. 4th 1145, 1158 (10th Cir. 2024), *cert. denied*, No. 24-12, 2024 WL 4743083 (U.S. Nov. 12, 2024). "We decline to deprive the agency of the opportunity to address [this argument] in the first instance." *Id.* Second, because we are remanding to the BIA and Petitioners may get relief under the existing *Lozada* framework, it is unnecessary and would be premature at this stage in the proceedings to reach this alternative argument for relief.