# In re Gustavo Alonzo GRIJALVA-Barrera, Respondent

## File A14 205 803 - Tucson

### *Decided June 14, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An order of deportation issued following a hearing conducted in absentia may be rescinded under section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3) (Supp. V 1993), where an alien properly establishes that his failure to appear was the result of ineffective assistance of counsel which amounts to "exceptional circumstances" within the meaning of section 242B(f)(2) of the Act.

FOR RESPONDENT: Gloria A. Goldman, Esquire, Tucson, Arizona

FOR IMMIGRATION AND NATURALIZATION SERVICE: Thomas Michael O'Leary, General Attorney

BEFORE: Board Panel: HOLMES, HURWITZ, and VILLAGELIU, Board Members.

HURWITZ, Board Member:

In a decision dated April 2, 1993, an Immigration Judge denied the respondent's motion to reopen the deportation proceedings. The respondent has appealed that decision. The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

The respondent is a native and citizen of Mexico who entered the United States as a lawful permanent resident on January 20, 1964. On April 2, 1991, the Immigration and Naturalization Service issued an Order to Show Cause charging the respondent with deportability under section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. III 1991), as an alien convicted of a controlled substance violation. The respondent was scheduled to appear for a hearing before an Immigration Judge on March 1, 1993, for consideration of his previously filed application for relief from deportation. At that time, he failed to appear. Because no reason was evident for the respondent's absence, the Immigration Judge conducted the hearing in absentia pursuant to section 242B of the Act, 8 U.S.C. § 1252b (Supp. V 1993), found the respondent deportable as charged, determined that

he had abandoned any potential applications for relief, and ordered him deported from the United States.

On March 15, 1993, the respondent, through counsel, filed a motion to reopen before the Immigration Judge. *See generally Matter of Gonzalez-Lopez,* 20 I&N Dec. 644 (BIA 1993). The respondent argued that his motion should be granted because his failure to appear was due to the misdirection of his counsel, who was unable to attend the hearing. The Immigration Judge denied the motion to reopen on April 2, 1993, remarking that respondent's counsel had "engaged in tactics of delay which could only be characterized as contumacious."

On appeal, the respondent, through new counsel, argues that the proceedings should be reopened and the record remanded to the Immigration Judge based upon the ineffective assistance of his former counsel.[1] According to the respondent, on the morning of the scheduled hearing, an employee of his prior attorney called to inform him that there had been a continuance and that he should not appear at the Immigration Court. The respondent later learned that the hearing had been conducted in absentia, that his application for relief had been deemed abandoned, and that he had been ordered deported. In support of his appeal, the respondent has submitted evidence that he filed a complaint against his former counsel with the State Bar of Arizona, and that he informed counsel of the allegations made against him. The respondent also has included an affidavit from his former counsel which corroborates the respondent's account of events.

An order issued following proceedings conducted in absentia pursuant to section 242B(c) of the Act may be rescinded only upon a motion to reopen which demonstrates that the alien failed to appear owing to exceptional circumstances, because he did not receive proper notice of the hearing, or because he was in Federal or State custody and failed to appear through no fault of his own. Section 242B(c)(3) of the Act; *see also Matter of Gonzalez-Lopez, supra.* The term "exceptional circumstances" refers to exceptional circumstances beyond the control of the alien, such as serious illness of the alien or death of an immediate relative, but not including less compelling circumstances. Section 242B(f)(2) of the Act.[2]

Upon review of the record, we find that the respondent has established sufficient grounds for reopening these proceedings. Initially, we find that he has properly shown ineffective assistance by his former counsel. In *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988), the

---

[1] We note that the respondent has alleged ineffective assistance by both of his former attorneys, Mr. William Redondo and Mr. Mark Redondo. However, we will consider only the allegations concerning Mr. Mark Redondo, as he was the respondent's counsel of record at the time of the March 1, 1993, in absentia hearing and subsequent motion to reopen.

[2] We note that an alien is not required to show prejudice in order to rescind an order of deportation entered following a hearing conducted in absentia under section 242B(c)(3) of the Act. Cf. Patel v. INS, 803 F.2d 804 (5th Cir. 1986).

Board held that a motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires that (1) the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard; (2) counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond; and (3) the motion reflect whether a complaint has been filed with the appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

We find that the respondent has satisfied all three of the requirements set forth in *Matter of Lozada, supra*. The motion is supported by a statement which sets forth the actions taken by the respondent's former counsel, includes evidence that counsel was informed of the allegations leveled against him and was provided an opportunity to respond, and includes a copy of a complaint filed with the appropriate disciplinary authorities informing them of the respondent's allegations. The respondent's contentions are corroborated by the sworn affidavit of his prior attorney, as well as by the transcript of proceedings in this case. Therefore, we conclude that the respondent has made a convincing claim of ineffective assistance by his former counsel.

Furthermore, the level of incompetence involved in this case establishes that the respondent's absence was the result of exceptional circumstances within the meaning of section 242B(f)(2) of the Act. We point out that the respondent, who had no reason not to rely on his counsel at this juncture, was blatantly misled regarding his need to appear at the scheduled hearing. Counsel's inappropriate behavior was recognized by the Immigration Judge in his decision. We consider also that the respondent is a longtime resident of the United States who had a pending application for relief before the Immigration Judge. This suggests that he would have appeared but for the misrepresentations by his former counsel.

Under these circumstances, we conclude that the respondent has established that his failure to appear for the scheduled deportation hearing was the result of exceptional circumstances, as required by section 242B(c)(3) of the Act. Accordingly, we will remand the record to the Immigration Judge for further proceedings.

**ORDER:** The appeal is sustained, and the record is remanded for further proceedings consistent with the foregoing decision.