Long **CHEN**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 02–70449.

INS No. A75–644–857.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2003.[*]

Decided March 6, 2003.

Before LAY,[**] HAWKINS and TALLMAN, Circuit Judges.

MEMORANDUM [***]

Long Chen petitions for judicial review of an order in which the Board of Immigration Appeals ("BIA") denied his motion to reopen removal proceedings held *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we grant the petition.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002). The BIA's denial of a motion to reopen is reversed only if it is "arbitrary, irrational, or contrary to law." *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002).

The BIA abused its discretion in not finding that Chen's absence was the result of exceptional circumstances. Ineffective assistance of counsel constitutes an "exceptional circumstance" justifying the reopening of a deportation made *in absentia. In re Grijalva–Barrera,* 21 I. & N. Dec. 472, 473 (BIA 1996). Chen's former attorney's instruction to Chen to go home instead of attending the hearing, coupled with the attorney's failure to inform the court of Chen's necessary absence, constitutes ineffective assistance of counsel. *Id.; see also Fajardo v. INS,* 300 F.3d 1018, 1022 n. 8 (9th Cir.2002) (noting that it is difficult to imagine how an attorney's failure to inform his client of the need to appear at the

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

[**] Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

328

deportation hearing would not constitute an exceptional circumstance excusing the absence).

We also grant Chen's petition to reopen in light of our recent holding in *Singh*, 295 F.3d at 1037 (finding exceptional circumstances where there was a misunderstanding as to the time of the deportation hearing and the petitioner was the beneficiary of an approved visa petition). We therefore GRANT the petition for review, and REMAND the case to the BIA for consideration of the merits of Chen's application.

PETITION FOR REVIEW GRANTED.