**Da Ming HUANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70523.

INS No. A74–800–028.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2003.*

Decided March 13, 2003.

Before LAY,** HAWKINS and TALLMAN, Circuit Judges.

MEMORANDUM ***

Da Ming Huang petitions for judicial review of an order in which the Board of Immigration Appeals ("BIA") denied his motion to reopen removal proceedings held *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002). The BIA's denial of a motion to reopen is reversed only if it is "arbitrary, irrational, or contrary to law." *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (internal quotations omitted). Claims of due process violations in INS proceedings are reviewed de novo. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

Huang's failure to appear at his hearing was not the result of exceptional circumstances. Exceptional circumstances are events beyond the control of the alien such as the serious illness of the alien or the serious illness or death of the alien's spouse, child, or parent, but not less compelling circumstances. 8 U.S.C. 1229a(e)(1). Huang's reliance on his attorney's secretary for the time and date of the hearing, despite the fact that he received the correct information at a previous hearing, does not present the type of exceptional circumstances contemplated by the statute. *Singh–Bhathal v. INS,* 170 F.3d 943, 947 (9th Cir.1999) (finding that an alien who took the word of a consultant over that of the INS did not miss his hearing as a result of exceptional circumstances). Nor did Huang establish that his failure to appear was the result of the ineffective assistance of counsel. *See In re Grijalva–Barrera,* 21 I. & N. Dec. 472, 473 (BIA 1996) (ineffective assistance of counsel constitutes an "exceptional circumstance" justifying the reopening of a deportation made *in absentia* ).

We also reject Huang's argument that this case falls into the narrow exception

---

set forth in our recent opinion in *Singh v. INS*, 295 F.3d at 1037. The facts presented in Huang's petition do not present the same set of compelling facts addressed in *Singh. See id.* at 1039–40 (finding exceptional circumstances where there was a misunderstanding as to the time of the deportation hearing and the petitioner was the beneficiary of an approved visa petition).

Finally, Huang's procedural due process argument lacks merit because he was notified of the date and time of his deportation hearing. *See Sharma v. INS,* 89 F.3d 545, 548 (9th Cir.1996).

PETITION FOR REVIEW DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.