**Clarissa Dizon DE LEMOS, Petitioner,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 04–5601–AG.

United States Court of Appeals,
Second Circuit.

March 31, 2006.

Roman P. Mosqueda, Law Office of Roman P. Mosqueda, Los Angeles, CA, for Petitioner.

Susan Handler–Menahem, Assistant United States Attorney (for Christopher J. Christie, United States Attorney for the District of New Jersey), Newark, NJ, for Respondent.

Present: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Clarissa Dizon De Lemos, A74 791 002, a citizen and native of the Philippines, petitions for review of the September 30, 2004 decision of the Board of Immigration Appeals ("BIA") affirming the March 10, 2004 order of an immigration judge ("IJ") (Montante, *I.J.*) denying the petitioner's motion to reopen proceedings after the IJ ordered her removed from the United States *in absentia* on November 7, 2003. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

An alien ordered removed *in absentia* pursuant to 8 U.S.C. § 1229a(b)(5)(A) may move to have such an order rescinded by, *inter alia,* filing a motion to reopen within 180 days after the date of the order of removal; to succeed, the alien must establish that the failure to appear was because of "exceptional circumstances," 8 U.S.C. § 1229a(b)(5)(C). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). We review the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). The BIA abuses its discretion when its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

While it is true that "mere submission of a motion for change of venue does not excuse an alien's failure to appear," *Romero–Morales v. INS,* 25 F.3d 125, 129 (2d Cir.1994), we have nonetheless required IJs to examine the substance of a petitioner's motion for change of venue as part of their obligation "to consider the record as a whole and issue a reasoned opinion" on a motion to reopen. *See id.* (granting petition for review of the BIA's affirmance of an IJ's denial of a motion to reopen after an *in absentia* order of removal and remanding the matter primarily because "[t]here is no indication that the IJ or the BIA examined the contents of Romero's change of venue motion in considering the motion to reopen"). Here, as in *Romero–Morales,* the IJ denied De Lemos's motion to reopen without considering any of her reasons for non-appearance, an error repeated by the BIA. Further, neither the IJ nor the BIA indicated any consideration of De Lemos's potentially meritorious grounds for cancellation of removal. This was an abuse of discretion.

Had the IJ or BIA considered the record as a whole, it would have become

apparent that De Lemos's attorney was not aware of the consequences of nonappearance, and had not made De Lemos so aware. *See, e.g.,* Declaration of Clarissa Dizon De Lemos, December 15, 2003, at ¶ 22 (indicating De Lemos's belief that, as her lawyer had filed the motion to change venue, the IJ would rule on that motion before the removal hearings). The BIA has held that ineffective assistance of counsel can constitute exceptional circumstances beyond the alien's control excusing failure to appear and warranting rescission of an *in absentia* order of removal, and has specifically concluded that an attorney's misadvising the petitioner that there was no need to appear at the hearing constituted such exceptional circumstances. *See In re Grijalva–Barrera,* 21 I. & N. Dec. 472, 474 (BIA 1996). On remand, the BIA should accordingly consider whether, in light of its holding in *Grijalva–Barrera,* De Lemos should be afforded the opportunity to obtain new counsel, satisfy the requirements set forth in *In re Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), and put in new papers alleging ineffective assistance of counsel.

De Lemos also argues that the IJ's issuing the *in absentia* order without giving her a chance to respond to the newly issued charge deprived her of a reasonable opportunity to enter a plea on this charge. She asserts that she was thereby deprived of her rights to be effectively represented by counsel to confront the witness against her, ultimately undermining her Fifth Amendment right to a fundamentally fair removal proceeding. However, the existence of the additional charge is irrelevant and in no way prejudicial. De Lemos had already conceded that she was removable based on her illegal entry in 1989; the same argument about her meritorious reasons for cancellation of removal applies to this charge as much as the initial one.

Moreover, De Lemos was prevented from addressing the additional charge only because of her failure to appear. Nothing about the additional charge prevented De Lemos's counsel from effective representation; to the contrary, had he appeared, he could have made her arguments then.

Accordingly, for the reasons stated above, the petition is GRANTED and the order of the Board of Immigration Appeals is VACATED and REMANDED. The motion for stay of removal is GRANTED.