**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FRANKY LUNTUNGAN,

      Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

      Respondent.

No. 05-9604
(No. A95-554-880)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Franky Luntungan petitions for review of an order issued by the Board of

Immigration Appeals (BIA) denying his motion to reopen. Finding no abuse of

discretion, we affirm the BIA's decision.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

Mr. Luntungan is a native and citizen of Indonesia. He entered the United States in July 1995 with a nonimmigrant visitor visa that entitled him to remain in the United States until January 1996. He overstayed his visa and the Immigration and Naturalization Service issued him a Notice to Appear in April 2003. He conceded that he was removable as charged and applied for asylum and withholding of removal. On March 19, 2004, after a hearing on Mr. Luntungan's application (at which he was accompanied by Elizabeth Coker, a nonattorney "accredited representative," Admin. R. at 20), an immigration judge (IJ) issued an oral decision denying the relief sought but granting Mr. Luntungan voluntary departure. Mr. Luntungan, through Ms. Coker, appealed the IJ's decision to the BIA, but the BIA, on June 10, 2005, affirmed the IJ's decision and dismissed Mr. Luntungan's appeal. On September 8, 2005, Mr. Luntungan, through a new representative, attorney David Senger, filed a motion to reopen asserting that Ms. Coker provided Mr. Luntungan ineffective assistance of counsel. On November 22, 2005, the BIA denied Mr. Luntungan's motion to reopen. This timely petition for review followed.

**Discussion**

Portions of Mr. Luntungan's brief challenge the BIA's June 10 order affirming the IJ's decision. We lack jurisdiction to review the BIA's June 10 decision because Mr. Luntungan did not file a timely petition for review from that

decision as required by 8 U.S.C. § 1252(b)(1). *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004); *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam).[1]

We do, however, possess jurisdiction to review the BIA's denial of Mr. Luntungan's motion to reopen. *Infanzon*, 386 F.3d at 1361-62. We review the BIA's denial of the motion for an abuse of discretion. *Id.* at 1362. "We will reverse only if the BIA's 'decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (quoting *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002)).

In his motion to reopen and in his petition for review, Mr. Luntungan asserts: (1) the brief Ms. Coker filed with the BIA challenging the IJ's decision was too short, "contained grammatical errors," and could have "more advantageously presented" his arguments, Pet'r Br. at 23; and (2) Ms. Coker failed to notify him that the BIA had affirmed the IJ's decision and that he had only 30 days from the date of the BIA's affirmance to file a petition for review.

The BIA denied Mr. Luntungan's motion to reopen because he failed to comply with the procedural requirements for asserting a claim of ineffective assistance of counsel as set forth in *In re Lozada*, 19 I. & N. Dec. 637, 639

---

[1] On August 5, 2005, Mr. Luntungan filed a petition for review of the June 10 decision. We dismissed it as untimely. *Luntungan v. Gonzales*, No. 05-9567 (10th Cir. Dec. 23, 2005).

(BIA 1988),[2] and because he failed to "demonstrate that he suffered prejudice as a result of his representative's ineffectiveness," Supp. Admin. R. at 2. *See Lozada*, 19 I. & N. Dec. at 638 (requiring the aggrieved person to demonstrate "he was prejudiced by his representative's performance"). The BIA found that, contrary to *Lozada's* procedural requirements, Mr. Luntungan's motion did not reflect whether Ms. Coker had been informed of the allegations against her. *See id.* at 639. Mr. Luntungan takes issue with this finding, asserting that the record contains a certificate of mailing indicating that Ms. Coker "was sent a copy of the complaint" against her. Pet'r Br. at 18. Nevertheless, as the BIA properly observed, "even if [Mr. Luntungan] had fully complied with the [procedural] requirements of *Lozada*," he still failed to demonstrate prejudice. Supp. Admin. R. at 2; *see Lozada*, 19 I. & N. Dec. at 638; *Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam) (observing that "an alien must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair").

Mr. Luntungan counters that he is not required to show prejudice. In support of this proposition he relies on Sixth Amendment right-to-counsel cases,

---

[2]     "*Lozada* requires the motion to be supported by the aggrieved person's affidavit explaining the agreement with former counsel and counsel's representations to the person, evidence that former counsel was informed of and allowed the opportunity to respond to the allegations, and evidence the aggrieved person filed a complaint with appropriate disciplinary authorities or an explanation why this was not done." *Infanzon*, 386 F.3d at 1361 n.3.

*Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Peguero v. United States*, 526 U.S. 23 (1999), which are inapplicable to removal proceedings. *See Akinwunmi*, 194 F.3d at 1341 n.2 ("[T]here is no Sixth Amendment right to counsel in a deportation proceeding."); *see also Hernandez v. Reno*, 238 F.3d 50, 57 (1st Cir. 2001) (declining to apply *Flores-Ortega* to "civil deportation proceedings").  Mr. Luntungan also asserts, disregarding *Lozada*, that "the Board has not required the respondent to demonstrate actual prejudice from counsel's ineffectiveness," Pet'r Br. at 20.  He directs our attention to *In re Grijalva-Barrera*, 21 I. & N. Dec. 472 (BIA 1996), and *In re Rivera-Claros*, 21 I. & N. Dec. 599, 603 n.1 (BIA 1996), *aff'd*, 122 F.3d 1062 (4th Cir. 1997).  Mr. Luntungan's argument is misplaced.  Both *Grijalva-Barrera* and *Rivera-Claros* considered reopening after the entry of an *in absentia* removal order, a special category of cases for which "an alien is not required to show prejudice" to obtain rescission of the order.  *Grijalva-Barrera*, 21 I. & N. Dec. at 473 n.2.

**Conclusion**

Having reviewed the briefs, the record, and the applicable law, we conclude that the BIA did not abuse its discretion in denying Mr. Luntungan's motion to reopen. Accordingly, the BIA's order dated November 22, 2005, is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge