[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15764
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2009
THOMAS K. KAHN
CLERK

Agency No. A079-468-725

KOLE VUKAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 24, 2009)

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Kole Vukaj ("Vukaj") petitions us for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his

motion to reopen the removal proceedings. After review, we DENY the petition.

## I. BACKGROUND

Vukaj, a native and citizen of Albania, filed an application for asylum and

withholding of removal in 2001 alleging persecution based on religion, nationality,

political opinion, and membership in a particular social group. Administrative

Record ("AR") at 197-242. In June 2004, the Department of Homeland Security

(formerly the Immigration and Naturalization Service) personally served Vukaj

with a Notice to Appear ("NTA") charging him with removability under the

Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C.

§ 1182(a)(6)(A)(i), as an alien entering the United States without having been

admitted or paroled by an immigration officer. Id. at 243-44. The NTA contained

information regarding: (1) the date, time, and place of the removal hearing; (2) the

consequences of failing to appear at the hearing; and (3) Vukaj's duty to inform the

court of any changes to his address or telephone number.[1] Id.

Vukaj failed to appear at the November 2004 removal hearing, and the IJ

ordered him removed in absentia. Id. at 193-94. Vukaj moved to reopen the

proceedings based on exceptional circumstances, alleging that he had relocated to

---

[1] Vikaj was also notified orally, in Albanian, of the time and place of his hearing and of the consequences of failing to appear. See id. at 244.

Michigan in September 2004 and had consulted with an individual representing himself to be a qualified immigration attorney about his case. Id. 184-87. This individual, who unbeknownst to Vukaj was not authorized to practice law, advised Vukaj that he would file a motion to change venue on Vukaj's behalf and that the date, time, and place of the new hearing in Michigan would be sent to Vukaj. Id. at 185. In reliance on these representations, Vukaj waited to receive a new hearing date from the immigration court in Michigan. Id. Vukaj stated that he would have appeared at the 17 November 2004 removal hearing but for his having received erroneous advice from his putative attorney. Id. He further alleged that he had not been advised, and was thus unaware, that he was required to notify the immigration court if his address changed during the pendency of his removal proceedings. Id.

The IJ denied Vukaj's motion, stating only that "[n]o exceptional circumstances ha[d] been set forth as to why [Vukaj] failed to appear." Id. at 177-78. On appeal to the BIA, Vukaj argued that the misleading advice he received from the individual posing as an immigration attorney constituted exceptional circumstances, and, further, that because the individual was not actually an attorney, the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988) for establishing ineffective assistance of counsel should not apply. Id. at 155-56, 166-67. The BIA remanded the case to the IJ "for inclusion of an appropriate decision" after finding that the record was insufficient to permit

meaningful review.  Id. at 147.

On remand, Vukaj filed an affidavit with the IJ stating that in 2004 he paid an individual named "Danny," who claimed to be an attorney, $5000 to represent him in his removal proceedings.  Id. at 72-73.  "Danny" told Vukaj that he would file a motion to have Vukaj's case transferred to Detroit, Michigan and advised Vukaj that he did not have to appear before the immigration court in Florida.  Id. at 73.  The IJ declined to consider the affidavit and found that Vukaj, who made no allegation that he failed to appear due to serious illness, could not demonstrate exceptional circumstances based on the alleged ineffective assistance of a non-lawyer because he "ha[d] made no effort whatsoever to comply with the Lozada requirements."  Id. at 32-33.  Specifically, the IJ noted that (1) Vukaj's motion to reopen did not identify the name or address of the individual who allegedly deceived him; (2) there was no evidence that the alleged non-lawyer had been notified of the allegations against him and afforded an opportunity to respond; and (3) there was no evidence that a complaint was ever filed with the appropriate state disciplinary authority.  Id.  The IJ further found that because the NTA expressly instructed Vukaj to submit a change-of-address form if he moved during the course of the removal proceedings, there was no merit to Vukaj's claim that he had no notice of that requirement.  Id. at 33.  The BIA summarily affirmed the IJ's findings and this petition followed.  Id. at 2.

4

## II. DISCUSSION

Vukaj argues in his petition for review that the ineffective assistance he received from "Danny" constituted an exceptional circumstance sufficient to rescind the IJ's in absentia removal order. He further asserts that because "Danny" was not a lawyer, it was impossible to comply with Lozada's procedural requirements for establishing an ineffective assistance of counsel claim.

When the BIA summarily affirms the IJ's decision without issuing a separate opinion, as it did in this case, the IJ's decision becomes the final order subject to review. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (per curiam). We review the denial of a motion to reopen for abuse of discretion. See Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008). Our review under this standard is limited to determining whether the IJ exercised his discretion in an arbitrary or capricious manner. See id.

Motions to reopen are generally disfavored, especially in removal proceedings. See Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam). Accordingly, an alien who seeks to reopen the proceedings following entry of an in absentia removal order must show that his failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i); see Montano

Cisneros, 514 F.3d at 1226.[2]  Ineffective assistance of counsel can qualify as an

"exceptional circumstance" for purposes of rescinding an in absentia order under

§ 1229a(b)(5)(C) where the alien (1) establishes that his failure to appear was the

result of counsel's deficient performance and (2) satisfies the procedural

requirements set forth in Lozada.  See In re Grijalva-Barrera, 21 I. & N. Dec. 472,

473-74 (B.I.A. 1996); Montano Cisneros, 514 F.3d at 1226-27.  Under Lozada, in

order to prevail on a motion to reopen based upon a claim of ineffective assistance

of counsel, an alien must: (1) support his motion with an affidavit that includes a

statement setting forth in detail the agreement that was entered into with former

counsel and the representations counsel did or did not make to the alien in this

regard; (2) show that his former counsel was informed of the allegations of

ineffective assistance and allowed an opportunity to respond; and (3) indicate in

the motion whether a complaint was filed with appropriate disciplinary authorities

regarding the representation, and if not, why not.  19 I. & N. Dec. at 639.[3]  We

---

[2] "Exceptional circumstances" are circumstances that are beyond the control of the alien, including "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances."  8 U.S.C. § 1229a(e)(1).

[3] We have held that, "in addition to substantial, if not exact, compliance with . . . Lozada, a petitioner . . . must also show prejudice" in order to establish the ineffective assistance of counsel in the context of removal proceedings.  Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1274 (11th Cir. 2005) (per curiam).  "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different."  Id.

have held that the BIA does not abuse its discretion by filtering ineffective-assistance claims through the Lozada requirements when considering a motion to reopen. See Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1223 (11th Cir. 2003) (per curiam).

Although we have not explicitly held that Lozada applies to claims of ineffective assistance rendered by non-attorneys, such a conclusion was at least implicit in our decision in Montano Cisneros.[4] In that case, petitioners who had hired a "con artist" claiming to be an immigration attorney filed a motion to reopen based on ineffective assistance of counsel, arguing that their putative attorney had advised them that they did not need to attend the removal hearing before the IJ. Montano Cisneros, 514 F.3d at 1225. The BIA affirmed the IJ's finding that petitioners' election to follow the non-lawyer's advice did not amount to exceptional circumstances. See id. at 1225-26. On review, we observed that the case was factually "very similar" to Grijalva-Barrera, in which the BIA had held that the respondent, whose lawyer had erroneously advised him that there had been a continuance and that he did not need to appear at the immigration court, had established that his failure to appear was a result of "exceptional circumstances"

---

[4] In Matter of Compean, 24 I. & N. Dec. 710, 729 n.7 (B.I.A. 2009), the BIA noted, in dicta, that a deficient performance claim may be based on "the conduct of a lawyer, an accredited representative, or a non-lawyer the alien reasonably but erroneously believed to be a lawyer and who was retained to represent the alien in the proceedings."

sufficient to reopen the in absentia removal proceedings. Id. at 1227; see Grijalva-Barrera, 21 I. & N. Dec. at 473-74. We held that the BIA, whose decision was "bereft of any mention of Grijalva-Barrera," had abused its discretion in failing either to follow its own past precedent or to provide a reasoned basis for departing therefrom. Montano Cisneros, 514 F.3d at 1227. In concluding that Grijalva-Barrera was controlling precedent that the BIA was not permitted to ignore in ruling on petitioner's motion, we drew no distinction between claims of ineffective assistance rendered by lawyers and claims of ineffective assistance rendered fraudulently by persons engaged in the unauthorized practice of law. See Montano Cisneros, 514 F.3d at 1227 (noting that, "[l]ike the applicant in Grijalva-Barrera, Petitioners here have satisfied [Lozada's] procedural requirements and substantively allege their attorney told them not to attend the hearing"). Insofar as Montano Cisneros thus suggests that there is no material difference between the two claims for purposes of establishing exceptional circumstances in a motion to reopen, we cannot say that the IJ's finding, that Vukaj was required to comply with Lozada's procedural requirements even though his putative attorney was not authorized to practice law, was arbitrary or capricious.

### III. CONCLUSION

Vukaj petitions us for review of the IJ's denial of his motion to reopen based upon exceptional circumstances. Although Vukaj's allegation of exceptional

8

circumstances depended entirely on a claim of ineffective assistance rendered by his putative attorney, he made no attempt to satisfy the <u>Lozada</u> requirements for establishing such a claim. Accordingly, the IJ did not abuse his discretion in denying the motion.

**PETITION DENIED.**