[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13311
Non-Argument Calendar

_____

Agency No. A098-320-097

LANXIANG CHEN,
a.k.a. Lan Xiang Chen,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 21, 2009)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Lanxiang Chen, a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision to deny her motion to reopen her removal proceedings. After review, we dismiss in part and deny in part the petition.

## I. BACKGROUND

On July 11, 2007, the Department of Homeland Security served Chen with a Notice to Appear charging her with removability for overstaying her visitor's visa. On September 29, 2007, Chen was personally served with notice of her master hearing scheduled for October 16, 2007. The notice indicated that her failure to attend the master hearing could result in an order of removal.

Chen did not appear at the master hearing. The IJ found that Chen was provided written notice of the hearing and the consequences for failing to appear. The IJ conducted the hearing in absentia in accordance with 8 U.S.C. § 1229a(b)(5)(A), INA § 240(b)(5)(A) and ordered her removal to China.

On December 7, 2007, Chen moved the IJ to reopen the removal proceedings based on exceptional circumstances in the form of ineffective assistance of counsel and on changed country conditions. As to her ineffective assistance claim, Chen asserted that Jessica Li at Account, Inc., told her to disregard the notice of the hearing.

Chen attached an affidavit stating that she went to Account, Inc., a "government-registered legal services agency" at 62 E. Broadway in Chinatown,

2

New York City, for help in obtaining authorization to work in the United States. Jessica Li assisted Chen in filing paperwork to obtain a green card and adjust her status to permanent resident.[1] When Chen received the October 16, 2007 hearing notice, she consulted Account, Inc. and was told to disregard the notice and not to attend the hearing. The day after the hearing, Chen went to a law firm and learned that she had been ordered removed. Chen confronted Li, who told Chen that she had not expected that result, but that she could no longer help Chen. On October 24, 2007, Chen sent a letter to Li at "Account, Inc., 62 E. Broadway Basement, New York, NY," stating Chen's intention to file a complaint with the New York State Attorney General's Office based on ineffective and misleading assistance. However, Chen averred that "due to personal reasons, I had to terminate the complaining process . . . ."

As to her changed country conditions claim, Chen attached an application for asylum and withholding of removal stating that Chen was pregnant with her second child and feared she would be forcibly sterilized if she returned to China.

The IJ denied Chen's motion to reopen. With regard to Chen's ineffective assistance claim, the IJ concluded that Chen failed to meet the procedural requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988). Specifically, the IJ

---

[1]Chen averred that she later learned that the immigration forms Li prepared had been falsified, and Chen had to withdraw them.

found that Chen had not provided any evidence: (1) that Account, Inc. actually existed, had a place of business at the address on Broadway in New York City where she sent her letter to Li, provided legal services or was "government registered"; or (2) that Jessica Li worked for Account, Inc. The IJ noted that Chen "could have drafted and sent any letter to any one at that address, and this does not suffice to demonstrate that [Chen] informed any purported attorney about the allegations being lodged against that attorney and allowed former counsel an opportunity to respond." The IJ also found that Chen had not shown that she filed a formal complaint with the New York State Bar or explained why she had not done so other than for "personal reasons." Finally, the IJ concluded that Chen had not shown prejudice resulting from any alleged ineffective assistance. As for her claim of changed country conditions, the IJ concluded that Chen's evidence was insufficient because it pre-dated her order of removal.

The BIA dismissed Chen's appeal for the reasons given by the IJ. As to Chen's ineffective assistance claim, the BIA agreed that Chen had not shown exceptional circumstances. The BIA stated that Chen had failed to prove the existence of Account, Inc. or any legal representation by Li and that Chen's excuse for not filing a complaint with the appropriate authorities was an "insufficient explanation." Chen filed this petition for review.

## II. DISCUSSION

4

An alien who seeks to reopen removal proceedings following the entry of an in absentia removal order must demonstrate that the alien's failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i), INA § 240(b)(5)(c)(i). "Exceptional circumstances" are only those "beyond the control of the alien" such as serious illness, death of a family member, or extreme cruelty towards the alien. 8 U.S.C. § 1229a(e)(1); INA § 240(e)(1).[2]

In this context, our jurisdiction is limited to reviewing only: (1) the validity of the notice provided to the alien; (2) the reasons why the alien did not attend the proceeding; and (3) whether the alien is removable. 8 U.S.C. § 1229a(b)(5)(D); INA § 240(b)(5)(D).[3] Thus, we have jurisdiction to review Chen's claim that she failed to appear because of her alleged attorney's ineffective assistance. However, we lack jurisdiction to review Chen's arguments regarding her motion to reopen based on changed country conditions and dismiss Chen's petition to the extent she seeks review of that ruling.

---

[2]We review for abuse of discretion the denial of a motion to reopen in absentia removal proceedings based on exceptional circumstances. Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008). "In this particular area, the BIA's discretion is quite broad." Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999) (internal quotation marks omitted). Our review is limited to whether the exercise of discretion was "arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Where, as here, the BIA expressly adopted the IJ's reasons for the ruling, we review the IJ's and the BIA's decisions. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

[3]Chen does not challenge the validity of the notice of the removal hearing or her removability.

5

A claim of ineffective assistance of counsel may amount to exceptional circumstances "when an applicant's failure to appear is due to his attorney's errant instruction . . . ." Montano Cisneros, 514 F.3d at 1226; In re Grijalva-Barrera, 21 I. & N. Dec. 472, 474 (BIA 1996). To establish ineffective assistance of counsel as "exceptional circumstances" for an alien's failure to appear, the alien must substantially comply with the procedural requirements set forth by the BIA in Lozada. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005); see also Grijalva-Barrera, 21 I. & N. Dec at 474. Lozada requires the alien to: (1) support the motion with an affidavit setting forth in detail the agreement that was entered into with counsel and what representations counsel did or did not make to the alien in this regard; (2) inform counsel of the allegations being leveled against him or her and give counsel an opportunity to respond; and (3) state in the motion "'whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.'" Dakane, 399 F.3d at 1274 (quoting Lozada, 19 I. & N. Dec. at 639).

We conclude that the BIA and the IJ did not abuse their discretion by denying Chen's motion to reopen based on her ineffective assistance claim. Chen does not challenge the IJ and BIA's findings that she failed to prove that Account, Inc. and Li provided her legal representation or that she gave them proper notice and an opportunity to respond to her allegations of ineffective assistance. Thus,

6

she did not show she complied with the second <u>Lozada</u> requirement.

Furthermore, Chen did not file a disciplinary complaint against Li or Account, Inc. and did not explain why she did not do so except to say that she had "personal reasons." The IJ and the BIA concluded that Chen's vague assertion of personal reasons, without elaboration, was inadequate to comply with the third <u>Lozada</u> requirement. We cannot say this determination was arbitrary or capricious.

**DISMISSED IN PART; DENIED IN PART.**