**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ASA'D R. ABU MINEH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 05-74456<br><br>Agency No. A076-857-476<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010

San Francisco, California

Before: FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

Asa'd R. Abu Mineh petitions for review of the BIA's order affirming the

IJ's denial of Abu Mineh's motion to reopen in absentia removal proceedings

against him.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

An order for deportation entered in absentia may be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances." INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C). Ineffective assistance of counsel "qualifies as an exceptional circumstance warranting rescission of an in absentia order of removal." *Lo v. Ashcroft*, 341 F.3d 934, 936–37 (9th Cir. 2003). Abu Mineh has demonstrated that ineffective assistance of counsel by his attorney, Yemi Getachew, caused his failure to appear.

Abu Mineh reasonably relied on Getachew's representation that she would obtain a continuance of his hearing and would notify him as soon as she learned of his new hearing date. *See Monjaraz-Munoz v. INS*, 327 F.3d 892, 896–97 (9th Cir. 2003). It is undisputed that Getachew told Abu Mineh that she was seeking a continuance of his case, that she did not file a continuance motion until two days before the hearing, and that she did not attempt to contact Abu Mineh to update him about the status of his case until one hour before the scheduled hearing. By the time Getachew reached Abu Mineh, the immigration court had finished its calendar for the day. This evidence compels the conclusion that Getachew's ineffective assistance caused Abu Mineh's failure to appear. *See Lo*, 341 F.3d at 939; *see also In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473 (BIA 1996). The

2

BIA abused its discretion in holding to the contrary and in denying Abu Mineh's motion to reopen the in absentia removal hearing.

We GRANT the petition for review, REVERSE the denial of Abu Mineh's motion to reopen, and REMAND to the BIA for further proceedings.