[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14232
_____

Agency No. A099-704-895

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2011
JOHN LEY
CLERK

WEI BIAO ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 16, 2011)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Wei Biao Zheng, a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen his removal

proceedings.  After review and oral argument, we deny the petition for review.

## I.  FACTUAL BACKGROUND

### A.    2006 Arrest

In December 2006, Zheng was arrested in Charlotte, North Carolina during a raid on a Chinese restaurant where Zheng worked.  Zheng told immigration officials that a smuggler had transported him over the U.S./Mexico border in the trunk of a car for $10,000.  Zheng was taken into Immigration and Customs Enforcement custody and held at a detention facility in Atlanta.

On December 19, 2006, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Zheng with being removable as an alien present in the United States without being lawfully admitted or paroled, pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).  The NTA was personally served on Zheng and warned him that his failure to appear at his removal hearing at the date and place directed by the Immigration Court could result in a removal order being entered in his absence.

### B.    January 16, 2007 Hearing in Atlanta

On January 16, 2007, Zheng (still in custody) appeared at a master calendar hearing in Atlanta, Georgia, where he was represented by a New York attorney,

K.C. Huang. The Immigration Judge ("IJ") granted Zheng's request for release on a $20,000 bond. Upon release, Zheng reported to immigration officials that his address would be in Charlotte, North Carolina.

At the hearing, the IJ set a master calendar hearing in Atlanta for February 1, 2007. The hearing notice advised Zheng, among other things, that if he failed to appear at his removal hearing, the hearing may proceed in his absence and a removal order may be entered against him. Immigration Court staff personally served the written notice on attorney Huang, and the IJ orally advised Zheng of the contents of the notice in his native language.

## C. February 1, 2007 Hearing in Atlanta

On February 1, 2007, Zheng and attorney Huang appeared at the second master calendar hearing in Atlanta.[1] At that hearing, the IJ set a third master calendar hearing for February 20, 2007 and issued a written notice of that hearing. The written notice advised Zheng that if he failed to appear, the hearing might be held in his absence and a removal order might be entered. The IJ orally advised Zheng of the contents of the written notice in his native language.

On the same day, attorney Huang filed a written motion for change of venue

---

[1]Zheng's motion to reopen alleges that he paid Huang for his expenses to travel to the February 1, 2007 hearing.

from Atlanta, Georgia to New York City, Zheng's new place of residence. The motion stated that Zheng was living in New York City and that "trips between Atlanta and New York City" would "strain[] his financial sources, if there is any." In an affidavit in support of the motion for a change of venue, Zheng advised that he currently resided in Brooklyn, New York. Zheng's affidavit admitted the charges of removability in the NTA and stated that Zheng was seeking political asylum, withholding of removal and relief under the Convention Against Torture. Zheng also filed a change of address form stating that his new address was in Brooklyn, New York.

Also on February 1, 2007, Zheng filed a bare-bones application for asylum, withholding of removal and relief under the Convention Against Torture based on nationality, political opinion and Convention Against Torture. Zheng merely checked the "Yes" boxes for the questions asking if: (1) he, his family or close friends or colleagues had experienced harm or mistreatment or threats in the past; (2) he feared harm or mistreatment if he was returned to China; (3) he or his family members had been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in another country; and (4) he feared he would be tortured in China. However, Zheng did not complete any sections of the application asking him to provide details if he had answered yes to these

questions.

**D.      February 20, 2007 Hearing in Atlanta**

On February 20, 2007, during a third master calendar hearing in Atlanta, the IJ set Zheng's final removal hearing for April 5, 2007 in Atlanta, Georgia. Zheng was present at the February 20 hearing, but his attorney was not.

The IJ issued a written notice of the April 5 second hearing that advised Zheng that his failure to appear at the hearing may result in a removal order being entered in his absence if the government established that Zheng or his attorney was provided with notice of the April 5 hearing and Zheng was removable. The IJ orally advised Zheng of the contents of the notice in his native language. In this appeal, Zheng does not dispute that he knew the date and place of his removal hearing and has never claimed that he did not understand the possible consequences he faced if he failed to appear.

Also on February 20, 2007, attorney Huang filed a motion for a telephonic hearing on Zheng's motion to change venue. The motion argued that both Huang and Zheng resided in New York City and that Zheng could not afford to pay for attorney Huang to fly to Atlanta for the hearing. The motion admitted the charges of removability in the NTA and stated that Zheng was seeking asylum and

withholding of removal. During February and March 2007, there was no ruling on Zheng's motion to change venue or request for telephonic hearing on the motion.

**E.    April 2-4, 2007**

On April 2, 2007, attorney Huang renewed his request for a telephone hearing on Zheng's motion to change venue. Huang stated that he could not be present at Zheng's April 5 removal hearing because he would be in court in San Antonio, Texas on that date.

On April 4, 2007, the IJ denied Zheng's motion to change venue, stating no good cause had been shown. In a separate order, the IJ denied Zheng's request for a telephonic hearing on the motion and stated that the removal hearing was set for April 5, 2007 at 1:00 p.m.

On April 5, neither Zheng nor his attorney appeared at the removal hearing in Atlanta. The IJ entered a final order of removal <u>in absentia</u>.

**F.    October 1, 2007 Motion to Reopen**

Zheng retained new counsel and, on October 1, 2007, moved to reopen his removal proceedings based on attorney Huang's alleged ineffective assistance of counsel.

In a supporting affidavit, Zheng alleged that "in the weeks and days approaching the April 5th, 2007 hearing in Atlanta I asked Attorney Huang what

6

we should be doing to prepare for the hearing, and that he repeatedly told me not to worry about the hearing because he expected that venue in the matter would be changed[.]" According to Zheng's affidavit, attorney Huang "continued to make such assurances right up until a day or two before the hearing on April 5th, 2007."

Then, on April 4, "while at Attorney Huang's office [Zheng] spoke with Attorney Huang over the phone and that together with [Huang's] staff we found out that in fact the venue in the matter had not been changed." At that point, Huang's staff informed Zheng that Huang needed $5,000 to appear at the April 5 hearing and that Zheng "shouldn't worry about his [attorney] appearing or not appearing." "[B]y the end of the meeting [Zheng] was quite diswrought [sic], and fearful that [his] case was in trouble." When Zheng complained at the exorbitant fee, Huang's staff advised Zheng "that it didn't matter if Attorney Huang went to the hearing or not." Negotiations "broke off," and Zheng left Huang's office "feeling . . . deceived and victimized."

Zheng's October 1 motion to reopen admitted that Zheng did not go to the April 5 hearing in Atlanta "because he was without guidance from his attorney as to how to proceed in his immigration action, and because he was fearful." And Zheng does not dispute that he knew that he still needed to attend the April 5 hearing. The IJ denied Zheng's motion to reopen. The BIA remanded for the IJ to

7

make more particularized findings. The IJ entered a second order denying Zheng's motion to reopen.

Subsequently, the BIA dismissed Zheng's appeal. The BIA found that Zheng had notice of the removal hearing and does not challenge that proper notice was given of the April 5 hearing. The BIA also found that Zheng was informed by his attorney that venue had not changed and that Zheng needed to appear at the hearing. The BIA further found that Zheng's former attorney had not prevented Zheng from attending the hearing and had correctly advised Zheng that he should appear at the hearing. The BIA concluded Zheng had not shown that his former attorney prejudiced him. Zheng timely petitioned for review of the denial of his motion to reopen.

## II. DISCUSSION

An alien who seeks to reopen removal proceedings following the entry of an in absentia removal order must demonstrate that the alien's failure to appear was due to "exceptional circumstances." INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). Exceptional circumstances are only those "beyond the control of the alien," such as serious illness or death of a family member. INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1) (emphasis added).

Ineffective assistance of counsel may be an exceptional circumstance only if

8

the alien shows prejudice. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005). A claim of ineffective assistance of counsel may amount to exceptional circumstances "when an applicant's failure to appear is due to his attorney's errant instruction." Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008) (concluding that alien showed prejudice where his attorney told him he did not need to appear at hearing and that case had been transferred to Tennessee); see also In re Grijalva-Barrera, 21 I.&N. Dec. 472, 473-74 (BIA 1996) (concluding an alien showed prejudice where the alien failed to appear because he was incorrectly informed by his attorney's staff that there had been a continuance and he did not need to appear at the hearing).

We review for abuse of discretion the denial of a motion to reopen in absentia removal proceedings based on exceptional circumstances. Montano Cisneros, 514 F.3d at 1226. "In this particular area, the BIA's discretion is quite broad." Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999) (internal quotation marks omitted). Our review is limited to whether the exercise of discretion was "arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).[2]

---

[2]Where, as here, the BIA issued its own decision and did not expressly adopt the IJ's decision or reasoning, we review only the BIA's ruling. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

Here, the BIA did not abuse its discretion in denying Zheng's motion to reopen because Zheng did not show that his own failure to appear at the hearing was the result of his attorney's errant instructions.

As recounted above, on February 20, 2007, Zheng's removal hearing was set for April 5, 2007 in Atlanta, Georgia. Zheng's attorney moved to change the venue to New York City, where both Zheng and his attorney reside. Although Zheng's attorney several times told Zheng he expected the motion to be granted, there was undisputedly no ruling forthcoming on the motion during February and March, 2007.

Rather, on April 4, 2007, the IJ denied the motion, and the attorney immediately informed Zheng the motion was denied, the hearing would occur in Atlanta the next day, and Zheng needed to attend. Although Zheng's attorney would not attend without an additional $5,000 fee, and Zheng balked at the "exorbitant cost," the attorney's staff advised Zheng he "shouldn't worry about his [attorney] appearing or not appearing" and that it did not matter if his attorney went to the hearing or not.[3]

Before this Court, Zheng admits that he knew he needed to attend. Yet

---

[3]In his motion to reopen, Zheng stated that his attorney did not attend the hearing because he "had an obligation to another client in California on the same day."

Zheng did not appear at the hearing. Zheng also admits that he did not appear because "he was fearful" and did not have guidance from his attorney how to conduct his immigration action.

Unlike the aliens in Montano Cisneros and In re Grijalva-Barrera, Zheng has not alleged that his attorney told him that the motion for a change of venue was granted or that Zheng did not have to attend the hearing. Just the opposite occurred here. Both Zheng's attorney on April 4, as well as the IJ at three prior hearings, told Zheng he needed to appear.[4] In fact, Zheng's brief on appeal admits that his attorney told him he had to attend and that he shouldn't worry about his attorney not being present as follows:

> At the time that Mr. Zheng's counsel had informed him of the fact that venue had not been changed in his case, and that Mr. Zheng had to attend a hearing in Atlanta, Georgia two days later, Mr. Zheng attached an affidavit to his motion to reopen. . . . The affidavit further states that Mr. Zheng **was at his lawyer's office, which was located in New York, one day before the hearing, when his attorney informed him that venue had not been changed and that Mr. Zheng would have to appear at the hearing in Atlanta**. Mr. Zheng's counsel then informed Mr. Zheng that '. . . it didn't matter if Attorney Huang went to the hearing or not[,]' and that he '. . . shouldn't worry about his appearing or not appearing[ ] . . . ." (AR at 187).

The BIA concluded that, even assuming his attorney's performance was

---

[4]Zheng had attended hearings in Atlanta thrice before and he has not alleged, much less submitted evidence, that he did not have funds to travel to Atlanta.

11

"deficient in certain respects," it did not prevent Zheng from appearing at his

hearing. In other words, Zheng did not show the kind of prejudice that constitutes

exceptional circumstances beyond Zheng's control. Given the record and Zheng's

brief on appeal, we also cannot say the BIA's determination was arbitrary or

capricious.[5]

**PETITION DENIED.**

---

[5]We do not address Zheng's argument that the IJ failed to make particularized findings on remand from the BIA. Zheng failed to exhaust this issue before the BIA in his second BIA appeal. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Furthermore, because the BIA issued its own decision and did not adopt the IJ's order, our review is limited to the BIA's decision. See Al Najjar, 257 F.3d at 1284.