[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13711
Non-Argument Calendar
_____

Agency No. 205-962-674


MUKHTAR CHOCHAEV,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 4, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Mukhtar Chochaev seeks review of the Board of Immigration Appeal's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his motion to reopen his *in absentia* order of removal.  First, he argues that his "notice to appear" did not vest the IJ with jurisdiction over his case because it omitted the time and location of his removal hearing.  Second, Chochaev contends that he demonstrated exceptional circumstances sufficient to warrant reopening due to serious illness and ineffective assistance of counsel; on both bases, he asserts that the IJ should have given him an opportunity to present additional evidence and that the BIA failed to give reasoned consideration to all of his arguments and evidence. Third, Chochaev argues that the BIA should have reopened his case *sua sponte*. After careful review, we dismiss the petition in part and deny it in part.

## I

Before we may review a claim raised in a petition for review, the petitioner must have first exhausted all administrative remedies for that claim.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013) (holding that "[a] court may not consider a claim raised in a petition to review a final order unless the petitioner has first exhausted her administrative remedies with regard to that claim").  The purposes of the exhaustion requirement are to avoid "premature interference with the administrative process" and to ensure

2

that the agency has had a full opportunity to consider the petitioner's claims. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1298 (11th Cir. 2015).  Accordingly, we lack jurisdiction over issues that the petitioner has not exhausted. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (per curiam).

Chochaev challenges the sufficiency of his notice to appear for the first time in his petition for review before this Court.  Two months after he filed his brief before the BIA, the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which underlies his present notice-to-appear argument.  A month and a half after *Pereira* was issued, the BIA issued the decision that Chochaev now asks us to reopen and remand.  We lack jurisdiction to consider "claims that have not been raised before the BIA."  *Amaya-Artunduaga*, 463 F.3d at 1250.  Here, Chochaev had the ability to raise his *Pereira*-related argument before the BIA issued its opinion, but he failed to do so.  First, at no point before the Supreme Court issued *Pereira* did Chochaev make any argument about the Immigration Court's jurisdiction.  *See Indrawati v. United States Att'y Gen.*, 779 F.3d 1284, 1298 (11th Cir. 2015).  And even after *Pereira* was issued, Chochaev had the opportunity to raise the issue before the BIA through a notice of supplemental authority, but again failed to do so.  Accordingly, we hold, on the particular facts of this case, that

3

Chochaev failed to exhaust his claim, and that we therefore lack jurisdiction to consider it. *But see Perez-Sanchez v. United States Att'y Gen.*, No. 18-12578, 2019 WL 3940873, at *3–4 (Aug. 21, 2019) (noting that in that case, "*Pereira* was issued one month after the BIA dismissed [the] appeal").

To be clear, though, even if we were to conclude that Chochaev had properly exhausted his claim, however, it would not change our analysis of the merits. In *Pereira*, the Supreme Court held that when a notice to appear fails to designate the specific time or place of an alien's removal proceedings, it is not a notice to appear under 8 U.S.C. § 1229(a) and therefore does not trigger the "stop-time" rule, which ends a period of continuous physical presence in the United States that can qualify an alien for cancellation of removal. 138 S. Ct. at 2109, 2113–14. Chochaev contends that *Pereira* extends to jurisdiction as well: a defective notice to appear, he says, cannot properly vest jurisdiction with the Immigration Court to begin removal proceedings. *See* 8 C.F.R. § 1003.14(a) (2012). This Court recently addressed and rejected that very argument. In *Perez-Sanchez*, 2019 WL 3940873, at *1 (Aug. 21, 2019), this Court held that a notice to appear that does not specify the time and place of an alien's initial hearing *is* a charging document that vests the IJ with jurisdiction provided (as happened here) that it is followed by a notice of hearing that supplies the missing scheduling information. *See* 8 C.F.R.

4

§ 1003.15(b).  Accordingly, even if Chochaev had sufficiently exhausted his administrative remedies and this claim were properly before us on the merits, his notice to appear vested jurisdiction with the IJ.

## II

Chochaev next asserts that the BIA and the IJ erred in denying his motion to reopen the IJ's order of removal *in absentia* because he demonstrated exceptional circumstances sufficient to warrant reopening on two grounds: (1) that he suffered a serious illness that precluded him from traveling to Florida for his hearing, and (2) that he received ineffective assistance of counsel from his two prior attorneys.

We review the BIA's decision as the final agency decision, unless the BIA expressly adopted the IJ's decision or to the extent that the BIA agreed with the IJ's reasoning.  *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (citation omitted) (per curiam).  We review the BIA's denial of a motion to reopen for abuse of discretion.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (citation omitted) (per curiam).  Our review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Id.* (quotation marks omitted).  In general, motions to reopen are disfavored.  *Id.*

5

The IJ or BIA must consider all evidence and issues put forth by the alien and "announce [a] decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (quotation marks omitted). However, where the IJ or BIA "has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Id.* (quotation marks omitted).

Any alien who, after written notice has been provided either to him or his counsel of record, does not attend a proceeding shall be ordered removed *in absentia* if the government establishes by "clear, unequivocal, and convincing evidence" that it gave written notice and the alien is removable under the standards set forth in the Immigration and Nationality Act ("INA"). INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). An alien may move to reopen and rescind the *in absentia* order within 180 days if he "demonstrates that the failure to appear was because of exceptional circumstances." INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i); *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). The INA defines "exceptional circumstances" as follows:

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any

6

child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1).

The INA does not define what constitutes a "serious illness," but the existence of such an illness may be demonstrated through detailed commentary by a medical professional or, alternatively, through detailed affidavits from the petitioner and his close relations describing the illness and treatment pursued. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003) (per curiam).

In *Lonyem*, the IJ found that an alien who allegedly had contracted malaria the day before his merits hearing, sought medical attention from a family friend and licensed nurse, and submitted a sworn affidavit from the nurse stating that she had treated him for malaria with prescription medication and Tylenol, had not sufficiently corroborated his claim that he had suffered from a serious illness. *Id.* at 1339–41. We observed that the only details concerning the alien's illness were contained in the affidavit, which the IJ had found not credible. *Id.* at 1341. We also noted that the alien did not attempt to contact the Immigration Court on the day of his hearing to explain his situation, describing such notice as "a minimal and logical step that, if not taken, is a factor which tends to undermine a claim of exceptional circumstances." *Id.* We viewed this failure as particularly noteworthy

7

because the alien attempted, unsuccessfully, to contact his attorney. *Id.* Accordingly, we concluded that the IJ had not abused his discretion in determining that the alien had not shown exceptional circumstances sufficient to warrant a reopening of his removal proceedings. *Id.*

Here, Chochaev provided only a photocopy of the bill and a doctor's note— which stated in its entirety, "was examined on 7/28/2017 may refuse to work 7/30/2017"—and affidavits from himself and his wife as evidence that he suffered from a serious illness and could not travel to his hearing. Much like the corroborating evidence we were presented in *Lonyem*, this is insufficient and we conclude that the BIA and IJ did not err in finding that Chochaev's illness was not an exceptional circumstance. *See Lonyem*, 352 F.3d at 1339–41.

We turn next to Chochaev's second argument—that his alleged ineffective assistance of counsel claim constitutes an exceptional circumstance. Aliens have a right under the Fifth Amendment's Due Process Clause to effective assistance of counsel and may state a claim for ineffective assistance of counsel where the "counsel's performance was deficient to the point that it impinged the fundamental fairness of the hearing." *Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (quotation marks omitted). A claim of ineffective assistance of counsel may qualify as an exceptional circumstance under INA § 240(b)(5)(C), 8 U.S.C.

8

§ 1229a(b)(5)(C), particularly when an alien's failure to appear is due to his attorney's incorrect instruction. *Montano Cisneros*, 514 F.3d at 1226; *see also In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473–74 (BIA 1996) (determining that counsel's incorrect instruction that a hearing had been continued and the alien should not appear at the Immigration Court was prejudicial when the alien relied on that instruction and failed to appear). To establish ineffective assistance of counsel, the alien must meet certain procedural requirements and show that his counsel's performance was prejudicial. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005) (per curiam). "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

Chochaev alleges that his first attorney provided ineffective assistance by failing to timely file a motion to transfer his case from Florida to Illinois after promising to do so and that this failure caused him to have to travel while sick for the hearing. His next attorney, he claims, failed to enter an appearance or inform the IJ of his illness, which constituted ineffective assistance and thus exceptional circumstances on his part.

None of the actions or omissions by Chochaev's lawyers had a direct bearing on his attendance of the hearing or prevented him from contacting the IJ

9

himself to inform her of his illness. *See Lonyem*, 352 F.3d at 1341. Both of his prior attorneys advised him to attend his hearing, and Chochaev indicated he understood that he was required to attend the hearing in Florida. Regarding the first attorney, it is unclear whether the motion to transfer venue would have been granted had it been filed sooner. At any rate, the motion had no direct bearing on Chochaev's attendance of his hearing in Florida. As to the second attorney, her alleged failure to inform the IJ of Chochaev's illness did not prevent him from contacting the judge himself. *Id.* Finally, Chochaev represented in multiple filings that he would have attended the hearing but for his illness; he made no claims about his attorneys' actions preventing his attendance. It was not an abuse of discretion for the BIA to deny Chochaev's motion to reopen.

Chochaev's contention that the IJ should have provided him with an additional opportunity to present evidence before denying his motion to reopen is without merit because the INA places the burden of showing exceptional circumstances upon the alien seeking relief. INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). Also, the administrative record demonstrates that the BIA gave reasoned consideration to Chochaev's claims and evidence. *See Tan*, 446 F.3d at 1374. Accordingly, we deny Chochaev's petition as to this issue.

10

## III

Finally, Chochaev contends that the BIA abused its discretion by declining to *sua sponte* reopen his case in light of the exceptional circumstances presented.

We consider our own subject matter jurisdiction *de novo*. *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).

The IJ has the discretion to deny a motion to reopen, even if the moving party has met its *prima facie* burden to reopen. 8 C.F.R. § 1003.23(b)(3). The BIA may *sua sponte* reopen any case in which it has rendered a decision. *Id.* § 1003.2(a). The BIA only exercises its authority to *sua sponte* reopen removal proceedings in "exceptional situations." *In re G–D–*, 22 I. & N. Dec. 1132, 1133–34 (BIA 1999).

There is no express statutory grant of authority to reopen cases *sua sponte*. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008). Rather, the authority derives from § 103(g)(2) of the INA, 8 U.S.C. § 1103(g)(2), which grants general authority to the Attorney General over immigration matters. *Id.* In *Lenis*, we concluded that we lacked jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen or reconsider a case under 8 C.F.R. § 1003.2(a) because the regulation did not provide any "meaningful standard against which to judge the agency's exercise of discretion." *Id.* at 1293–94.

11

We lack jurisdiction to review Chochaev's argument regarding the BIA's *sua sponte* authority to reopen his case, and he has not raised any specific constitutional claims relating to the denial of *sua sponte* reopening.  *See id.* at 1292–94 & n.7.[1]  Chochaev merely asserts that the alleged existence of ineffective assistance of counsel renders the circumstances of his case sufficiently exceptional to justify *sua sponte* reopening.  Accordingly, because we lack jurisdiction, we dismiss Chochaev's petition as to this issue.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[1] We noted in *Lenis* that an appellate court might have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* authority, but we declined to address that question because the petitioner had not raised a constitutional claim.  *Id.* at 1294 n.7.